NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0172n.06

No. 13-3972

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 03, 2014
DEBORAH S. HUNT, Clerk

GERMAN INDENBAUM,                    )
                                     )
        Petitioner,                  )
                                     )    ON PETITION FOR REVIEW
v.                                   )    FROM THE UNITED STATES
                                     )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General, )  APPEALS
                                     )
        Respondent.                  )
                                     )
                                     )

BEFORE: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. German Indenbaum, a native and citizen of Russia, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion for *sua sponte* reopening of his removal proceedings.

In 1996, Indenbaum entered the United States as a nonimmigrant visitor with authorization to remain for a temporary period not to exceed six months. On March 4, 2005, the Department of Homeland Security personally served Indenbaum with a notice to appear charging him with removability as a nonimmigrant who had remained in the United States for longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). After Indenbaum failed to appear for his first removal hearing on July 31, 2007, an immigration judge (IJ) ordered his removal *in absentia*.

In 2011, nearly four years later, Indenbaum moved to reopen his removal proceedings and rescind the *in absentia* removal order, claiming that he did not receive notice of the hearing

or the removal order. Both notices were addressed to his then-current residence, 8137 Keating Apt. 2A, Skokie, Illinois, but were returned to the immigration court and stamped as "ATTEMPTED – NOT KNOWN" and "UNABLE TO FORWARD." Indenbaum and his wife, Lolita Priede, submitted affidavits stating that they lived together at the Keating address from March 2005 through the end of 2007. In response, the government submitted Priede's naturalization application, signed under penalty of perjury, indicating that she lived at the Keating address only from March 1998 to May 2006. That application also indicated that she was not living at the Keating address when the notices were sent in July 2007. The IJ found that Indenbaum's and Priede's affidavits were false, a finding further supported by the purported building manager's assertion that they lived in apartment 2N rather than apartment 2A. Denying the motion to reopen and rescind, the IJ concluded that Indenbaum received proper notice of the hearing because the immigration court sent the hearing notice to the address that he had provided and he had not submitted a change of address.

Indenbaum appealed the IJ's denial of his motion to reopen and rescind. The BIA upheld as not clearly erroneous the IJ's finding that Indenbaum was not residing at the Keating address when the immigration court issued the hearing notice and the removal order in 2007. Dismissing the appeal, the BIA agreed with the IJ that Indenbaum received all the notice to which he was entitled because the immigration court mailed the hearing notice to the address provided by him and that his failure to receive notice of the hearing was due to his failure to update his address.

Indenbaum then filed a second motion to reopen his removal proceedings, asking the BIA to rescind the *in absentia* removal order, again arguing a lack of notice and also a failure to provide him with a hearing on the question of notice. The BIA concluded that Indenbaum's

motion was barred numerically because it raised the same grounds as the earlier motion and, therefore, declined to exercise its discretion to reopen *sua sponte* to avoid the number bar.

Indenbaum appeals the BIA's decision not to exercise its discretion to reopen his removal proceedings *sua sponte*. As he acknowledges, published circuit precedent forecloses his appeal. In *Gor v. Holder*, we held that "we lack jurisdiction to review the BIA's denial of the petitioner's motion to reopen sua sponte." 607 F.3d 180, 188 (6th Cir. 2010). Indenbaum asks us to reexamine that holding in light of *Kucana v. Holder*, 558 U.S. 233 (2010). On its own terms, *Kucana* does not speak to whether courts may review the decision of the BIA not to exercise its discretion to reopen removal proceedings *sua sponte*. *Id.* at 251 n.18 (stating that the decision "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*"). At all events, *Gor* already considered and rejected the argument that Indenbaum makes here. 607 F.3d at 188 (explaining that "[t]hose decisions [holding that this court lacks jurisdiction to review BIA decisions not to reopen removal proceedings *sua sponte*] remain the law of this circuit" after *Kucana*).

Accordingly, we dismiss Indenbaum's petition for review for lack of jurisdiction.